'STATE OF TENNESSEE *v.* THOS. ATCHISON, N. B. BUCK, NASHVILLE BANNER PUBLISHING CO.

1. CRIMINAL LAW. *Libel. Corporation indictable.* A corporation may be indicted for libel.

2. SAME. *Indictment. Joinder of different persons in different counts.* An individual and a corporation may be joined in the same indictment for libel, in different counts, the subject matter being of the same nature, and admitting of the same plea.

---

FROM DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson county. J. M. QUARLES, J.

ATTORNEY GENERAL LEA and A. S. COLYAR for the State.

JOHN FRIZZELL and T. L. DODD for defendants.

FREEMAN, J., delivered the opinion of the court.

This is an indictment for libel, quashed in the court below and appealed by the State. The indictment has two counts, the first against Atchison and Buck, the second against the Banner Publishing Co. The matter alleged is the same in both counts.

It is conceded, or certainly cannot be denied, that the publication is libelous, if it is published in the sense of the law of and concerning the individuals alleged. It is matter calculated to give those who read the charge an ill opinion of the party, and to lower their

standing in the community. A libel is defined by this court to be "injurious detraction of any one by writing, or equivalent symbols." *Williams* v. *Karnes*, 4 Hum., 11. The matter alleged here is, beyond question, of this character. It is insisted, however, that it is not sufficiently averred that the parties mentioned were the parties alluded to in the publication, and that it should have been definitely averred that they were known and recognized as the parties designated by the language used.

The article complained of, published in the Nashville Banner, is set out. It charges the existence of a "scoundrelly ring," a band of conspirators, who have defrauded, cheated, swindled, plundered and robbed, with other equally choice and vigorous denunciations.

Without quoting at length from the indictment, it suffices to say that it is clearly and definitely averred that these charges were intended to be and were applied to the parties mentioned. Whether under the former more stringent rules this would be sustainable, we need not now inquire. By sec. 5131 of the Code, it is enacted that "an indictment for libel need not set forth any extrinsic facts for the purpose of showing the application to the party libeled, of the defamatory matter upon which the indictment is founded, but it is sufficient to state generally that the same was published concerning him, and the fact that it was so published shall be established on the trial."

The averments of this indictment are unquestionably in compliance with the requirements of this section, and must be held good.

State *v.* Atchison.

It is next objected that the joinder of two different counts against two different parties is error, for which the indictment should have been quashed. In the case of the *State* v. *Lea,* there was one count against Polly Bailey for perjury, and a second against Lea for subornation of perjury. The court say, "We are unable to perceive why these parties were not properly joined in the same indictment, and charged in seperate counts, though their offenses be distinct  They were of the same nature, admitted of the same plea and same judgment. 1 Col., 177. So in this case, the offense is precisely the same—the same plea is appropriate. It is true the corporation may not be imprisoned, but the fact that the same measure of punishment cannot be inflicted in this way cannot vitiate the indictment, the judgment is of the same character, that is, a fine and costs. That imprisonment might possibly be inflicted in one case and not in the other, cannot in the least affect the validity of the indictment. The principle of such an objection is that joinder of different offenses might embarrass the parties in their defense. The fact that one could not be imprisoned after conviction, certainly can have no influence in the conduct of the trial on the question of guilty or not guilty.

We see no ground on which the judgment can be sustained, and reverse it, remanding the case for further proceedings.